UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH D. CLAXTON,

        Plaintiff,

v.                                             CIVIL CASE NO. 09-13157

WELTMAN, WEINBERG & REIS CO., L.P.A.,    HON. MARIANNE O. BATTANI

        Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Ralph Claxton's *pro se* Motion for Summary Judgment (Doc. 20) and Defendant Weltman, Weinberg & Reis Co., L.P.A.'s Motion for Summary Judgment (Doc. 22). The Court has reviewed all the pleadings and finds oral argument will not aid in the resolution of this dispute. See, E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

**I.    BACKGROUND**

In March 2009, Capital One Bank retained Defendant Weltman, Weinberg & Reis Co., L.P.A. to collect the past due amount on Plaintiff Ralph Claxton's credit card account. On March 11, 2009, Defendant mailed Plaintiff an initial communication notifying Plaintiff of the outstanding balance. (Doc. 23 Ex. B). Defendant's letter gave Plaintiff written notice of the amount of his debt, the name of the creditor, and advised Plaintiff of his rights under

1

15 U.S.C. §1692g(a).  Plaintiff says he never got that letter.  (Doc. 26 at 6).  Between March 11, 2009 and May 5, 2009, Defendant received no communications from Plaintiff.

On May 13, 2009, Plaintiff received a letter from Defendant notifying him that on May 5, 2009, Defendant filed a lawsuit in state court to collect the $1236.48 due on his Capital One account.  (Doc. 23 Ex. C; Doc. 20 Ex. B).  In that letter, Defendant also informed Plaintiff that if he disputed the existence of the debt, Defendant would take no further action in the lawsuit until it provided verification of the debt to Plaintiff.

On June 11, 2009, Plaintiff sent Defendant a letter entitled "Notice of Dispute and Request for Validation."  (Doc. 23 Ex. D).  Upon receipt of Plaintiff's letter, Defendant suspended the collection action.  On July 7, 2009, Defendant sent Plaintiff a debt validation letter and resumed collection activities.  (Doc. 23 Ex. E).  In all of its written communications with Plaintiff, Defendant disclosed that it is a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

On August 11, 2009, Plaintiff filed the instant *pro se* action against Defendant and Capital One.  On January 22, 2010, the Court granted Plaintiff's Motion for Leave to File First Amended Complaint and dismissed Capital One with prejudice.  (Doc. 14).  Though the Court does not find a docket entry for Plaintiff's First Amended Complaint, it was incorporated with Plaintiff's Motion for Leave to File First Amended Complaint.  (Doc. 5 at 5).  In the Amended Complaint, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961- 1968.  The parties' cross-motions for summary judgment are now before the Court. (Doc. 20; Doc. 23).

## II. STANDARD OF REVIEW

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, (1986). Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The Court "must lend credence" to the non-moving party's interpretation of the disputed facts. Marvin v. City of Taylor, 509 F.3d 234, 238 (6th Cir. 2007) (citing Scott v. Harris, 127 S.Ct. 1769, 1775 (2007)). The non-moving party may not rest upon its mere allegations, but rather must set out specific facts showing a genuine issue for trial. See, Fed. R. Civ. P. 56(c)(1). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. Hopson v.DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

3

### III. ANALYSIS

#### A. FDCPA

##### 1. Section 1692g(a)

Defendant is entitled to summary judgment on Plaintiff's claims that arise under Section 1692g(a) of the FDCPA. Plaintiff contends that Defendant violated 15 U.S.C § 1692g(a) because he did not actually receive Defendant's initial letter dated March 13, 2009. (Doc. 5 at 7, ¶4). Therefore, he was unaware that the thirty-day period in which to dispute the debt had started under the Act. See, 15 U.S.C § 1692g(a)(3)-(5). Plaintiff misinterprets Defendant's obligations under the statute.

The plain language of section 1692g(a) does not require Defendant to prove Plaintiff actually received the letter, rather, the statute states that "a debt collector shall ... *send* the consumer a written notice containing" certain information, including amount due and creditor name. Id. § 1692g(a) (emphasis added). Courts in the Sixth Circuit have construed this language not to require proof of actual receipt. See, Campbell v. Credit Bureau Systems, Inc., 655 F.Supp.2d 732, 740 (E.D. Ky. 2009) (citing Mahon v. Credit Bureau, 171 F.3d 1197, 1201 (9th Cir.1999)); Zamos II v. Asset Acceptance, LLC, 423 F.Supp.2d 777, 785 (N.D. Ohio 2006). The Court concurs with those decisions and finds that there is no question of material fact that Defendant sent a written notice in full compliance with the statutory requirements. There is no evidence to show that the March 13, 2009 letter was returned as undeliverable, which could suggest that Defendant did not have Plaintiff's correct address and form the basis of a cognizable Section 1692(g) claim. See, Johnson v. Midland Credit Mgmnt. Inc., 2006 WL 2473004 at *11-12 (N.D. Ohio Aug.

24, 2006) (quoting Mahon and making explicit the requirement that the initial communication not have been returned to the debt collector by the postal service as "undeliverable"). Also, the record is clear that Defendant did not undertake any debt collection actions during the thirty-day waiting period afforded to Plaintiff under the Act. Accordingly, Defendant is entitled to summary judgment for Plaintiff's claims arising under Sections 1692(g).

**2.    Section 1692g(b)**

Defendant is entitled to summary judgment on Plaintiff's Section 1692g(b) claim. Plaintiff argues that Defendant violated 15 U.S.C § 1692g(b) by continuing collection activity without verification of the alleged debt after Plaintiff disputed the debt's validity. (Doc. 5 at 7, ¶ 7). If a debtor disputes the validity of the debt, Section 1692g(b) requires a debt collector to cease collection of the debt "until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor" and mails such information to the consumer. 15 U.S.C. § 1692g(b). However, the plain language of Section 1692g(b) provides that the restrictions on a debt collector's activities apply only "[i]f the consumer notifies the debt collector in writing *within the thirty-day period described in subsection (a)* of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor ..." 15 U.S.C. § 1692g(b) (emphasis added).

Here, Plaintiff did not dispute the debt until June 11, 2009, well after the expiration of the thirty-day period. As such, Defendant was under no obligation to suspend its collection activities in state court, which began on May 5, 2009. See, Lipa v. Asset Acceptance, LLC, 572 F.Supp.2d 841, 854 (E.D. Mich. 2008) (The language in section

5

1629g(b) "makes clear the rule that the consumer's rights (to validation of the debt) and the collector's responsibilities (to validate the debt and cease collection activities) are not triggered unless the consumer files a request for validation within thirty days of receiving notice of the debt."). Although the statute does not apply, the Court notes that Defendant voluntarily suspended its state court collection activities upon receipt of Plaintiff's request for validation and did not resume those activities until it sent Plaintiff written verification of the debt. Plaintiff's attack on the manner and mode in which Defendant verified the underlying debt is meritless. (Doc. 26); See, Golliday v. Chase Home Finance, LLC, --- F.Supp.2d ----, 2011 WL 31038, *6 (W.D. Mich. 2011) ("Verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." (citing Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999)). Therefore, even if Section 1692g(b) applied, there is no genuine issue of material fact that Defendant fully complied with the statute's requirements.

### 3. Section 1692e(11)

The record does not support Plaintiff's conclusory allegation that Defendant violated Section 1692e(11). (Doc. 5 at 7, ¶ 7). Section 1692e(11) requires a debt collector to disclose the fact that they are a debt collector attempting to collect a debt. 15 U.S.C. § 1692e(11). Plaintiff does not dispute that in both its initial and its subsequent communications, Defendant expressly disclosed that it is a debt collector attempting to collect a debt and that any information obtained would be used for that purpose. (Doc. 23 Ex. B, C, and E). As such, Defendant is entitled to summary judgment on this claim.

### 4. Section 1692f

Plaintiff argues that Defendant violated 15 U.S.C § 1692f by threatening to interfere with his business interests and by attempting to collect an unverified debt. (Doc. 5 at 8, ¶ 8). Plaintiff's accusations have no evidentiary support. Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C § 1692f. Here, Plaintiff does not point to any evidence which shows how Defendant violated § 1692f. Plaintiff's disagreement with how Defendant verified the debt does not make the debt unenforceable. Defendant's post-verification collection efforts do not violate Section 1692f under the facts of this case. Also, Plaintiff's Credit Card Agreement with Capital One expressly authorizes all interest, fees, and charges that Defendant seeks to collect in state court. Id. § 1692f(1); (Doc. 23 Ex. A). Plaintiff has presented no evidence to suggest that Defendant used unfair or unconscionable means to collect Plaintiff's debt. Accordingly, the Court will grant Defendant summary judgment on this claim.

**B.    RICO**

The Court understands Plaintiff's RICO claim as follows: Defendant illegally purchased Plaintiff's fraudulent debt from Capital One for the purposes of collection and committed mail fraud by attempting to collect an invalid debt. (Doc. 5 at 12, ¶ 12). To prove a RICO claim, a plaintiff must establish the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). RICO provides an exhaustive definition of "racketeering activity," which includes mail fraud. 18 U.S.C. § 1341. Plaintiff fundamentally misunderstands Defendant's relationship with Capital One and cannot show that Defendant engaged in "racketeering activity."

7

The record is clear that Defendant did not purchase Plaintiff's debt from Capital One, nor was it attempting to collect the debt on its own behalf.[1] Defendant simply represented Capital One in the state court action to collect the debt. Plaintiff has failed to show how Defendant's actions differ from those of a legitimate debt collection service. More importantly, Plaintiff has not provided sufficient evidence from which a reasonable jury could conclude that Plaintiff's credit card debt was fraudulent. Therefore, Plaintiff cannot establish that Defendant committed mail fraud by attempting to collect a verified and enforceable debt. Since Plaintiff cannot establish that Defendant engaged in "racketeering activity," the RICO claims are dismissed as a matter of law.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 20) is **DENIED** and Defendant's Motion for Summary Judgment (Doc. 22) is **GRANTED**.

**IT IS SO ORDERED**.

s/Marianne O. Battani

MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: February 17, 2011

---

[1] The Court notes that, contrary to Plaintiff's position, the purchase of "charged-off" consumer debt is not illegal. Certain businesses regularly purchase charged-off debts and attempt to collect them. See generally, Clark v. Pinnacle Credit Services, LLC, 697 F.Supp.2d 995 (N.D. Ill. 2010); Charbonneau v. Mary Jane Elliott, P.C., 611 F.Supp.2d 736 (E.D. Mich. 2009); Jenkins v. General Collection Co., 538 F.Supp.2d 1165 (D. Neb. 2008); Debt Buyers' Ass'n v. Snow, 481 F.Supp.2d 1 (D. D.C. 2006).

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt<br>Case Manager